IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

WILLIAM C. C.,[1]

        Plaintiff,

vs.

KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,

        Defendant.

Case No. 1:22-cv-00090-RRB

## ORDER OF DISMISSAL

On October 13, 2022, Plaintiff filed a Complaint for Review of a Social Security Disability of Supplemental Security Income Decision, along with an Application to Proceed in District Court without Prepaying Fees or Costs and Motion for Recusal.[2] Plaintiff previously has filed 93 actions dismissed for failure to state a claim and frivolousness.[3] Accordingly, the Court expeditiously screens this Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff's name is partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum, Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Dockets 1–3.

[3] *See Clarke v. Maddow*, Case. No. 1:22-cv-00007-RRB, Docket 6 for Order of Dismissal encompassing all of Plaintiff's prior cases.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[4] In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[5]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[6] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[7] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the

---

[4] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[7] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

*William C. v. Kijakazi*, Case No. 1:22-cv-00090-RRB
Order of Dismissal
Page 2 of 9
Case 1:22-cv-00090-RRB   Document 4   Filed 10/18/22   Page 2 of 9

problems, unless to do so would be futile.[8]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[9]

## DISCUSSION

Previously, the Court dismissed Plaintiff's prior 93 civil actions, in which Plaintiff pleaded that an extensive conspiracy exists involving medical device implantation, cyber hacking, theft and distribution of his intellectual property, and his forced participation in illicit and illegal pornography.  The Complaint before the Court, while written on a form for appellate review of decisions made by the Social Security Administration, does not plead any facts that indicate that there has been an appealable decision by the Social Security Administration.  Instead, Plaintiff pleads facts consistent with his prior dismissed actions.  The Complaint fails to state a claim upon which relief may be granted and is frivolous.  Accordingly, this civil action must be dismissed.

**I.      Complaint & Motion**

Plaintiff alleges that the Court has jurisdiction pursuant to 42 U.S.C. § 405(g), for an appeal of a Title II Disability Insurance Benefit Claim, and 42 U.S.C. §1383(c)(3), for an appeal of a Title XVI Supplemental Security Income Claim.[10]  Where the form prompts a response regarding the date the Commissioner's final decision, Plaintiff responds: "Filing an appeal, I received from Ralph A Beistline a dismissal of a filed court case via mail 8/7/22)  Demanding court hearing before a judge by subpoena of all evidence and

---

[8] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[10] Docket 1 at 2.

participants!"[11] For the Statement of the Claim asking what facts were not supported by substantial evidence in the record, Plaintiff states "Judge Ralph A Beistline excepted some photo evidence, but did not allow me to present my case in court/in addition his direct involvement and hacked into my medical equip. using Apple apps and website!"[12] For the Statement of the Claim asking what legal error occurred, Plaintiff states "Medical Fraud/Malpractice + Organized Crime."[13] For relief, Plaintiff checks all of the possible options on the form, thereby requesting the Court: (1) issue a summons for Defendant's appearance; (2) order Defendant to produce a certified copy and record; (3) modify Defendant's decision and retroactively grant maximum benefits; (4) alternatively, remand Defendant's decision for reconsideration; and (5) grant any additional relief that is just and proper.[14]

Plaintiff's untitled companion motion, docketed as Motion for Recusal, at Docket 3 states:

> Please recuse Judge Ralph A Beistline for judicial misconduct, also a co[-]conspirator of organized crime cover up! I will remind you I have a surgically implanted body cam system that transmits and receives! Also note Judge Ralph A Beistline co[-]conspired with accused civil docket defendants and was bribed to dismiss as frivolous! Demand my 1st, 4th, 7th Amendment right for civil trial and subpoena all witness

---

[11] Docket 1 at 3.

[12] Docket 1 at 3.

[13] Docket 1 at 3.

[14] Docket 1 at 3.

*William C. v. Kijakazi*, Case No. 1:22-cv-00090-RRB
Order of Dismissal
Page 4 of 9
Case 1:22-cv-00090-RRB   Document 4   Filed 10/18/22   Page 4 of 9

> hostile participants into court. Be advised, Joanne is a participant in these all[e]gations.

Plaintiff signed and dated the motion.[15]

Neither the Complaint, nor motion include a mention a final decision from the Social Security Administration's Appeals Council.[16] The Court takes judicial notice[17] that the Complaint and Motion echo the same core theory and allegations previously dismissed by the Court.[18] Additionally, the Court takes specific judicial of *C. v. Barnhardt*,[19] Case No. 1:22-cv-00053-RRB, where Plaintiff submitted a Complaint for Review of a Social Security Disability or Supplemental Security Income Decision alleging organized crime and referring to his previously filed civil cases.[20] In that action, Plaintiff also did not provide an administrative Social Security decision over which this Court would have jurisdiction.

---

[15] Docket 3 at 1.

[16] See Dockets 1 & 3.

[17] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[18] *Supra*, note 3 (The gravamen of Plaintiff's prior allegations is that an implanted body camera connected with his pacemaker is being hacked; his intellectual property is being stolen and distributed; he is forced to participate in illegal pornography and human trafficking; the pornography is being disseminated around the world by all Defendants, with more to be named, who are part of an organized crime ring exploiting millions of victims.).

[19] *Supra*, note 1 (last name partially redacted for privacy).

[20] *C. v. Barnhardt*, Case No. 1:22-cv-00053-RRB, Docket 1.

*William C. v. Kijakazi*, Case No. 1:22-cv-00090-RRB
Order of Dismissal
Page 5 of 9
Case 1:22-cv-00090-RRB   Document 4   Filed 10/18/22   Page 5 of 9

## II. Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[21] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[22] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[23] This means that the Court has the authority to hear only specified types of cases.[24] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[25]

Federal question jurisdiction provides a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[26] In order to pursue an appeal of a final decision from the Social Security Administration, a litigant must exhaust administrative remedies before filing a Complaint in federal district court.[27]

Plaintiff alleges that he seeks to pursue an appeal and submits a form complaint intended to trigger a federal district court's jurisdiction for appellate review of an administrative decision made by the Social Security Administration. However, Plaintiff's

---

[21] BLACK'S LAW DICTIONARY, (11th ed. 2019).

[22] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[23] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern. V. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[24] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[25] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[26] 28 U.S.C. § 1331.

[27] 20 C.F.R. §§ 404.981, 416.1481 (Effect of Appeals Council's decision or denial of review).

allegations do not support that he seeks to file an appeal of a final decision by the Social Security Administration. Without a final decision from the Social Security Administration, this Court lacks jurisdiction.[28] Therefore, this action must be dismissed for lack of jurisdiction.

## III. Notice of Appeal

As pleaded, it appears that Plaintiff is not seeking an appeal of a Social Security decision, but rather desires to appeal this Court's omnibus Order of Dismissal issued in his previously dismissed 93 civil actions. The Federal Rules of Appellate Procedure require that a Notice of Appeal be filed with the federal district court within 30 days of the entry of judgment.[29] A litigant may make a motion to extend the time to file a Notice of Appeal but must do so no later than 30 days after the original 30-day deadline and shows excusable neglect or good cause.[30]

Judgments issued in Plaintiff's prior cases from July 28, 2022,[31] through August 1, 2022.[32] Construing the possible time accounting most favorably to Plaintiff, Plaintiff has missed his Notice of Appeals deadlines. Plaintiff's original 30-day deadline to submit a Notice of Appeal passed on August 31, 2022. Furthermore, Plaintiff's additional 30-day deadline to move for additional time to file a Notice of Appeal passed on September 30,

---

[28] *Bass v. Soc. Sec Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).

[29] Fed. R. App. P. 4(a)(1)(A).

[30] Fed. R. App. P. 4(a)(5)(A).

[31] *See as selected examples Clarke v. Maddow*, Case No. 1:22-cv-00007-RRB, Docket 7 *and Clarke v. Glory Hall*, 4:22-cv-00012-RRB, Docket 9.

[32] *See as selected example, Clarke v. Fox News*, Case No. 3:22-cv-00105-RRB, Docket 5.

*William C. v. Kijakazi*, Case No. 1:22-cv-00090-RRB
Order of Dismissal
Page 7 of 9
Case 1:22-cv-00090-RRB   Document 4   Filed 10/18/22   Page 7 of 9

2022. A federal district court may reopen the time to file an appeal, but only if the Court finds that the moving party did not receive notice of the entry of the judgment or order within 21 days of entry.[33] Here, Plaintiff pleads that he received notice on August 7, 2022—7 days after the last entry of judgments.

The Court cannot construe the Complaint as a Notice of Appeal to Plaintiff's prior cases, because Plaintiff's deadlines have run, and he cannot fulfill the required conditions to reopen the time to file a Notice of Appeal.

## IV. Frivolousness

In accordance with federal law, a court must dismiss a case "at any time if the court determines that the action or appeal is frivolous or malicious."[34] The term frivolous, or frivolous as a matter of law, is a legal term. It means that a case or complaint "lacks an arguable basis in either in law or in fact."[35] When a court evaluates whether a complaint is frivolous, it must "pierce the veil of the complaint's factual allegations to determine whether they are fanciful, fantastic, or delusional."[36] Additionally, a complaint may be frivolous if it merely repeats pending or previously litigated claims."[37]

Plaintiff's Complaint renews his prior allegations of conspiracy, medical fraud, and organized crime. As addressed above and procedurally, the Court does not have jurisdiction. Additionally, as previously explained, these allegations do not state a viable

---

[33] Fed. R. App. P. 4(a)(6)(A).

[34] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

[35] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[36] *Neitzke*, 490 U.S. at 327–28; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[37] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

*William C. v. Kijakazi*, Case No. 1:22-cv-00090-RRB
Order of Dismissal
Page 8 of 9
Case 1:22-cv-00090-RRB   Document 4   Filed 10/18/22   Page 8 of 9

civil legal claim; and therefore, do not have an arguable basis in law.[38] Furthermore, the Court renews its prior finding that finds that Plaintiff's claims do not have an arguable basis in fact.[39] Lastly and most compelling, this Complaint alludes, extends, and repeats the previously litigated claims in his prior 93 actions.[40]

The Court finds Plaintiff's Complaint does not have an arguable basis in law or fact and repeats previously litigated claims. Therefore, this action must be dismissed as frivolous.

## CONCLUSION

The Court lacks jurisdiction over this Complaint. Additionally, the Court construes the Complaint as a Notice of Appeal. Lastly, the Complaint is frivolous.

**IT IS THEREFORE ORDERED:**

1. This civil action must be **DISMISSED** for lack of jurisdiction and as frivolous.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk of Court shall issue a final judgment.

DATED this 18th day of October, 2022, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[38] *See Clarke v. Maddow*, Case No. 1:22-cv-00007-RRB, Docket 6 at 34–37.

[39] *See Clarke v. Maddow*, Case No. 1:22-cv-00007-RRB, Docket 6 at 37–39.

[40] *See Clarke v. Maddow*, Case No. 1:22-cv-00007-RRB, Docket 6.

*William C. v. Kijakazi*, Case No. 1:22-cv-00090-RRB
Order of Dismissal
Page 9 of 9
Case 1:22-cv-00090-RRB   Document 4   Filed 10/18/22   Page 9 of 9